UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| INGENIX, INC.<br><br>Plaintiff/Counterdefendant,<br><br>v.<br><br>SYMMETRY HEALTH DATA SYSTEMS, INC.<br><br>Defendant/Counterclaimant. | CV 01-704 RHK/SRN<br><br>PROTECTIVE ORDER |

1. The parties may designate any document or information produced by them as "confidential" or "confidential restricted" by stamping the document or information to that effect prior to production. The terms "Confidential" and "Confidential Restricted" are defined as follows:

A. Confidential: information that is not publicly available from the producing party and that is commercially sensitive. Confidential information is not to be disclosed to any person not an attorney of a party, an officer or employee of a party involved in assisting counsel in the litigation of the above-captioned action, or a consultant or expert retained to assist counsel in connection with this litigation.

B. Confidential Restricted: information that warrants greater protection than confidential information, including trade secrets or competitively sensitive information. Disclosure of confidential restricted information is permitted only to counsel of record (including employees of counsel) and any independent consultant or expert witness retained specially to assist counsel with this litigation. The designation of information as "confidential restricted" or the lack of objection to the marking of

FILED JUL 24 2001
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD______
DEPUTY CLERK______

information as "confidential restricted" shall not be determinative of whether information constitutes legally protectable trade secrets. The designation of information as "confidential restricted" will be made only on a good faith basis, and shall be employed only as reasonably required.

2. The party producing the information shall be responsible for identifying information as "confidential" or "confidential restricted." Each document a party wishes to protect pursuant to the provisions of the Order, including documents produced in response to Requests under Rule 34, Federal Rules of Civil Procedure, Subpoena Duces Tecum, or documents attached to any memorandum supporting or opposing any motion shall be stamped, on the first page with the word "confidential" or the words "confidential restricted" as appropriate. Each answer to interrogatories and response to requests to admit that a party wishes to protect pursuant to the Order shall be similarly marked. A party responding to interrogatories or requests to admit may segregate all answers or responses that it has designated "confidential" or "confidential restricted." Such segregated answers or responses, if received by the Court, shall be kept under seal. Deposition testimony may be designated "confidential" or "confidential restricted" in whole or in part, at the time the deposition is taken. Deposition transcripts may also be marked after transcription by the witness, his counsel, or counsel for the employer of the witness, so as to identify each "confidential" or "confidential restricted" answer which shall be subject to the restrictions set forth herein upon notification of such designation to opposing counsel. From the time a deposition transcript is received by the deponent from the court reporter, the deponent shall have forty-five (45) days to make such designations. Until such designations are made or forty-five (45) days pass, whichever is the lesser, the

entire transcript shall be maintained as "confidential restricted." Deposition transcripts so marked and filed with the Court shall be kept under seal. Any confidential material submitted or presented to or filed with the Court shall be placed under seal and not made available to persons other than the Court and persons authorized by the Order.

3. Documents stamped "confidential" or "confidential restricted" and any other information so designated shall not be used for any purpose other than the defense or prosecution of this litigation and shall not be discussed or disclosed to any person except as specifically authorized by the Protective Order. Violation of this provision may be punished as contempt of court.

4. The parties and their counsel shall take all steps reasonably necessary to see that no person shall use, disclose, or record information protected by this Order. Any person, other than counsel or administrative employees of counsel and court reporters during the course of depositions, who is given access to "confidential" or "confidential restricted" information shall first be required to execute a sworn affidavit containing the following language:

> I, **[NAME]**, am employed by ____________________. Counsel for ________________ has requested my assistance in connection with *Ingenix, Inc. v. Symmetry Health Data Systems, Inc.*, United States District Court for the District of Minnesota, Case No. CV-01-704-RHK/SRN.
>
> I certify that I have read and I understand the Protective Order of the Court in the above-referenced litigation dated ______________, 2001, including provisions regarding disclosure of protected information. I understand that any of the information contained in documents protected by this Protective Order may not be used for commercial purposes. I understand that my failure to abide by the Protective Order of ____________, 2001, regarding disclosure of confidential and confidential restricted information is

punishable as contempt of court and I hereby agree to abide by all provisions of that Protective Order.

Signed: ____________________________

Name: ____________________________

Counsel granting access to protected information to anyone other than the parties or counsel's employees shall keep a file consisting of all affidavits of all persons to whom counsel granted access.

5. Within thirty (30) days of the termination of this litigation, all parties, their employees, counsel, and all experts, upon request, shall return all "confidential" or "confidential restricted" information, including all copies thereof, to the party supplying the information, or in lieu of such return, a party may request a certification of destruction of all such information.

6. When counsel deems it necessary to disclose "confidential" or "confidential restricted" information to persons other than those permitted by the Order, counsel shall first request permission of counsel for the party producing the "confidential" or "confidential restricted" information. The request should describe with reasonable specificity the "confidential" or "confidential restricted" information sought to be disclosed and shall identify the person to whom disclosure is sought. If counsel for the party producing the "confidential" or "confidential restricted" information agrees to this request, counsel shall communicate such assent in writing to the requesting attorney. If the requesting party and the producing party cannot agree upon the proposed disclosure, the matter shall be submitted to the Court for resolution. The party seeking to prevent disclosure shall have the burden of establishing that the information requested is

appropriate for "confidential" or "confidential restricted" treatment. If the Court determines that the information has been properly designated "confidential" or "confidential restricted," the party seeking disclosure will have the burden of establishing that good cause requires such disclosure notwithstanding the confidential nature of the information. In no event is information designated "confidential" or "confidential restricted" to be disclosed beyond the scope permitted by the Order prior to written consent being given by the producing party or the entry of an Order by the Court either permitting such disclosure or finding that the information in question is not appropriate for "confidential" or "confidential restricted" treatment.

7. A document or information shall not be deemed "confidential" or "confidential restricted" under this Order if:

A. the document or information was in the possession of the requesting party before being supplied by a producing party in this litigation (or in any other litigation between the parties)[1]; or

B. the document or information was or becomes public knowledge without violation of this or other court order; or

C. the producing party waives, in writing or in the record of this action, the confidentiality claim.

Any party that receives documents or information which that party claims should not be entitled to protection under the Order shall notify the producing party and identify each of the documents believed to be exempt. But a failure to do so does not waive any

[1] This provision shall not apply to the Ingenix documents received by Symmetry from an unknown source on two prior occasions, as previously attested to by Symmetry.

objections on that or other grounds. Not less than twenty (20) days after such notice and identification, if the parties have not resolved whether the documents or information are subject to the protection of the Order, the matter may be submitted to the Court by either party for resolution. Any document or information submitted to counsel or this Court pursuant to this paragraph shall remain protected in accordance with the designation of the producing party and the terms of the Order until the status of the document or information is resolved.

8. Nothing in the Order shall bar or otherwise restrict counsel from rendering advice to a party, and in the course thereof, referring or relying in a general way to confidentially restricted material. In rendering such advice, counsel should not disclose the contents of any confidentially restricted material contrary to the terms or intent of the Order.

9. Inadvertent or unintentional disclosure of "confidential" or "confidential restricted" information during the course of this litigation, without designating it as such at the time of disclosure, shall not be deemed a waiver in whole or in part of a claim that the disclosed information should have been so designated, either as to the specific information disclosed or as to any other information relating thereto, provided such information must be so designated within ten (10) business days after the disclosing party learns of the inadvertent or unintentional disclosure.

10. Inadvertent production of any information, document, or tangible thing that is entitled to protection under the attorney-client privilege or work-product doctrine shall not be deemed a waiver of that privilege or immunity. A party who has inadvertently produced information, documents, or tangible things that it believes are entitled to such

protection should immediately notify, upon learning of such inadvertent production, the opposing party, in writing, of the claim of privilege or immunity and request the return of the items involved. A party receiving such a request must expeditiously return the items involved and any copies thereof. By returning such item, a party has not waived the right otherwise to challenge any claim of privilege or immunity before this Court and seek an order specifically compelling production of the items involved.

DONE IN OPEN COURT this 23rd day of July, 2001.

Susan Richard Nelson

Susan Richard Nelson
United States Magistrate Judge

JUL 24 2001

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**
OFFICE OF THE CLERK
316 N. Robert St., Rm 708
St. Paul, MN 55101

**Clerks Notice In Re: Protective Order**

---

A Protective/Confidentiality Order has been entered in this action. You must comply with the guidelines set forth below when filing confidential original documents with the Clerk of U. S. District Court. Failure to do so will cause the documents to be returned.

***Guidelines for filing with the Clerk:***

A. Documents are to be sealed (closed, fastened, taped, or otherwise secured) in an envelope of comparable size no larger than 9 by 12 (LR5.1 All pleadings, motions, and other papers presented for filing shall be on 8 ½ x 11 inch white paper...flat and unfolded. This rule does not apply to (1) exhibits submitted for filing; and, (2) documents filed in removed actions prior to removal from the state courts.)

B. Each envelope must list the following information, and each document is to be in a separate envelope.
- Action/case number
- Brief action/case title
- Party, name, and complete title of document (i.e. Deft. Johnson's Motion for Dismissal) must be noted on each envelope. Motions, affidavits and memorandums are considered three separate documents).
- The word "SEALED" or "CONFIDENTIAL"

***Guidelines for filing with a U. S. District Judge or Magistrate Judge:***

In addition to the above procedures, copies for delivery to the U. S. District Judge or U. S. Magistrate Judge are to be marked accordingly and bound together as a set.

**Please forward this announcement to the recipient of this fax.**

---

# The United States District Court, District of Minnesota announces two new programs!

**Expedited Trials** –The Court will begin offering parties an opportunity to participate in a program called Expedited Trials beginning July 2, 2001. This voluntary program offers an alternative to traditional case processing by allowing for a shorter time period from filing to disposition. Discovery and motion practice will be sharply limited as a means to reduce time and expense. Procedural rules are on the Court's website at www.mnd.uscourts.gov. If you would like additional information about the Expedited Trials Program, contact one of our clerk's offices at the phone numbers listed below.

**Courtroom Technology – Phase II** – In June 2001, the District of Minnesota began upgrading, installing, and enhancing the technology available to counsel in the courtroom. The project will continue through early fall and will ultimately upgrade all Article III Judge courtrooms in St. Paul and Minneapolis. To assist counsel with this transition, the District Court is offering a hands-on class, worth one hour of CLE credit at both courthouses. Classes will be held over the lunch hour. Course registration can be done by visiting www.mnd.uscourts.gov or by calling Kristine at 612-664-5125.

**For additional information on either program please visit our website at www.mnd.uscourts.gov.**

---

700 Federal Building
316 North Robert Street
St. Paul, MN 55101
(651) 848-1100

202 U.S. Courthouse
300 South Fourth Street
Minneapolis, MN 55415
(612) 664-5000

417 U. S. Courthouse
515 West First Street
Duluth, MN 55802
(218) 529-3500