UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

Ingenix, Inc.,

Plaintiff,

v.

Civil No. 01-704 (RHK/SRN)
**MEMORANDUM OPINION**

Symmetry Health Data Systems, Inc.,

Defendant.

---

Peter M. Lancaster, Dorsey & Whitney, Minneapolis, Minnesota, and Yoav M. Griver, Weil, Gotshal & Manges, New York, New York, for Plaintiff.

Patrick A. Reinken, Rider, Bennett, Egan & Arundel, Minneapolis, Minnesota, and Daniel D. Maynard, Maynard, Murray, Cronin, Erickson & Curran, Phoenix, Arizona, for Defendant.

---

## Introduction

Before the Court is Defendant Symmetry Health Data Systems' ("Symmetry") Motion to Dismiss or, Alternatively, to Change Venue. The matter came on for hearing before the undersigned on Friday, August 10, 2001; the Court denied the motion from the bench and issued a written Order. This Memorandum Opinion serves to supplement the reasons for the ruling given by the Court at the hearing.

## Background

Plaintiff Ingenix, Inc., ("Ingenix") is a health data and information company, incorporated under the laws of the state of Delaware, with its principal place of business



FILED AUG 13 2001
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

in Eden Prairie, Minnesota. (Answer ¶ 6.) Ingenix is the owner by assignment of U.S. Patent No. 6,223,164 ("the '164 patent"), which discloses a "Method and System for Generating Statistically-based Medical Provider Utilization Profiles."

Defendant Symmetry is an Arizona corporation having its principal place of business in Phoenix, Arizona. Symmetry is the owner by assignment of United States Patent No. 5,835,897 ("the '897 patent") which issued on November 10, 1998. In July 2000, Symmetry sued Ingenix in the United States District Court for the District of Arizona alleging an Ingenix product called "Clinical Care Group" ("CCG") infringes the '897 patent.[1] Symmetry also alleged that Ingenix and other defendants breached various contracts, including confidentiality agreements.

Ingenix sued Symmetry in this Court on April 24, 2001, alleging that Symmetry has infringed the '164 patent in Minnesota through the use, manufacture, and sale of a product called Episode Treatment Groups ("ETG"). (Compl. ¶¶ 10-17.) On May 21, 2001, Symmetry filed a declaratory judgment action in the United States District Court for the District of Arizona seeking an order declaring that the '164 patent is invalid and unenforceable and that, in any event, Symmetry's product does not infringe the patent.

---

[1] On May 21, 2001, the Arizona District Court stayed proceedings in Symmetry's '897 lawsuit pending a Patent and Trademark Office re-examination proceeding addressing the scope and validity of the '897 patent, and pending an interference proceeding, requested by Ingenix, to determine who – as between Symmetry and Ingenix – has priority to the invention claimed in the '897 patent.

**Analysis**

The first part of Symmetry's pending motion seeks dismissal of Ingenix's Complaint on the ground that venue is not proper in Minnesota. Section 1400 of Title 28, United States Code, provides that, in a patent infringement action, venue is proper "in the judicial district where the defendant resides, or where the defendant has committed acts of infringement and has a regular and established place of business." 28 U.S.C. § 1400(b). For purposes of venue, a corporate defendant is deemed to "reside" in any judicial district in which it is subject to personal jurisdiction at the time the action is commenced. 28 U.S.C. § 1391(c). The Court asked Symmetry's counsel at the hearing whether there was any genuine dispute concerning this Court's personal jurisdiction over defendant. Defendant's counsel conceded that there was not, and that the motion to dismiss for improper venue was not viable.

As for Symmetry's alternative motion to transfer this case to the District of Arizona, the Court begins with the relevant statutory provision. Section 1404(a) of Title 28, United States Code, provides that: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). In determining whether to transfer venue under § 1404(a), courts consider: (1) the convenience of the parties, (2) the convenience of the witnesses, and (3) the interests of justice. Terra Int'l, Inc., v. Mississippi Chem. Corp., 119 F.3d 688, 691 (8th Cir. 1997). Plaintiff has not argued that venue for this lawsuit is improper in the District of Arizona. Rather, Plaintiff

argues that it was the first to file suit regarding the '164 patent, and a transfer is not warranted by the Terra International factors.

Generally, federal courts give considerable deference to a plaintiff's choice of forum; thus, the party seeking a transfer under § 1404(a) bears a heavy burden of proving that a transfer is warranted. Terra, 119 F.3d at 695; Graff v. Qwest Communics. Corp., 33 F. Supp. 2d 1117, 1121 (D. Minn. 1999) (Doty, J.) (citing Gulf Oil Corp. v. Gilbert, 330 U.S. 501, 508 (1947)). The goal of § 1404(a) is to prevent wasted time, energy, and money, and to protect litigants, witnesses, and the public against unnecessary inconvenience and expense. Van Dusen v. Barrack, 376 U.S. 612, 616 (1964).

The Court begins by noting that Ingenix has brought suit in its home forum and, accordingly, that choice of forum is entitled to considerable deference. Furthermore, as between Ingenix's patent infringement suit and Symmetry's mirror-image declaratory judgment action, it is clear that Ingenix's suit was the first filed. Where parallel lawsuits involving the same subject matter are proceeding in different venues, the "well-established rule is that . . . the first court in which jurisdiction attaches has priority to consider the case." U.S Fire Ins. Co. v. Goodyear Tire & Rubber Co., 920 F.2d 487, 488 (8th Cir. 1990) (quoting Orthmann v. Apple River Campground, Inc., 765 F.2d 119, 121 (8th Cir. 1985)) (internal quotation marks omitted); accord Serco Servs. Co. v. Kelly Co., 51 F.3d 1037, 1039 (Fed. Cir. 1995).

Symmetry strenuously argued that its 2000 lawsuit involving alleged infringement of the '897 patent is really the first-filed suit because, as Defendant's counsel explained at

the hearing, the two patents (the '897 patent and the '164 patent) and the two products (Ingenix's CCG and Symmetry's ETG) involve exactly the same thing. Defendant has failed to substantiate this argument. The Court cannot conclude that Symmetry's '897 patent infringement case involves "the same subject matter" as Ingenix's '164 patent infringement lawsuit. "An alleged infringement of one patent is not the same conduct, transaction or occurrence as the alleged infringement of another patent." Illinois Tool Works v. Foster Grant Co., Inc., 395 F. Supp. 234, 250-51 (N.D. Ill. 1974) (internal quotation marks omitted). Furthermore, the Patent Examiner who oversaw the issuance of Symmetry's '897 patent is the same person who subsequently oversaw the issuance of Ingenix's '164 patent, tending to suggest that the inventions disclosed in the two patents are distinct. The application of the "first filed" rule to the facts of this case indicates that Ingenix's Minnesota action was the first-filed matter with respect to the subject matter of the '164 patent; this fact alone militates heavily against transfer.

The Court determines that Symmetry has not met its heavy burden of showing that the factors set forth in Terra International clearly favor transfer to the District of Arizona. With respect to the convenience of the parties, this factor is clearly a wash. Ingenix's home forum is Minnesota; Symmetry's home forum is Arizona. Each party has employee witnesses for whom it would be more convenient if the lawsuit were in its backyard.

The convenience of the witnesses is important for the Court and the parties because it determines the "relative ease of access to sources of proof." Nelson v. Master Lease Corp., 759 F. Supp. 1397, 1402 (D. Minn. 1991) (MacLaughlin, J.). It appears that

the majority of non-party witnesses (including former Ingenix employees) are located in Minnesota, as well as a significant portion of the documentary evidence. This factor favors keeping the lawsuit here.

The interest of justice factor is perhaps the most important element in the transfer analysis; factors to be considered here include the relative familiarity of the two courts with the law to be applied, the relative ability of the parties to bear the expense of litigating in a distant forum, and comparative probabilities of delay and concomitant expense because of overloaded dockets. First Nat'l Bank of Minneapolis v. White, 420 F. Supp. 1331, 1337 (D. Minn. 1976). Symmetry has made no allegations that the District of Arizona is any more or less familiar with patent law than this Court, or that the docket of the undersigned, as compared to the district judge in Arizona, will bring about substantially greater delay or cause greater expense. Assuming that, as Symmetry claims, it is a substantially smaller corporation than Ingenix, there is nevertheless nothing to suggest that Symmetry (which purposefully availed itself of the benefits of establishing strategic partnerships with Minnesota companies and, otherwise, pursued business relationship in Minnesota) is unable to bear the expense in litigating here. This factor does not militate in favor of a transfer.

Dated: August 13, 2001

RICHARD H. KYLE
United States District Judge

**Please forward this announcement to the recipient of this fax.**

---

# The United States District Court, District of Minnesota announces two new programs!

**Expedited Trials** –The Court will begin offering parties an opportunity to participate in a program called Expedited Trials beginning July 2, 2001. This voluntary program offers an alternative to traditional case processing by allowing for a shorter time period from filing to disposition. Discovery and motion practice will be sharply limited as a means to reduce time and expense. Procedural rules are on the Court's website at www.mnd.uscourts.gov. If you would like additional information about the Expedited Trials Program, contact one of our clerk's offices at the phone numbers listed below.

**Courtroom Technology – Phase II** – In June 2001, the District of Minnesota began upgrading, installing, and enhancing the technology available to counsel in the courtroom. The project will continue through early fall and will ultimately upgrade all Article III Judge courtrooms in St. Paul and Minneapolis. To assist counsel with this transition, the District Court is offering a hands-on class, worth one hour of CLE credit at both courthouses. Classes will be held over the lunch hour. Course registration can be done by visiting www.mnd.uscourts.gov or by calling Kristine at 612-664-5125.

**For additional information on either program please visit our website at www.mnd.uscourts.gov.**

---

700 Federal Building
316 North Robert Street
St. Paul, MN 55101
(651) 848-1100

202 U.S. Courthouse
300 South Fourth Street
Minneapolis, MN 55415
(612) 664-5000

417 U. S. Courthouse
515 West First Street
Duluth, MN 55802
(218) 529-3500