UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

**Ingenix, Inc.,**

**Civil No. 01-704 (MJD/SRN)**

**Plaintiff,**

**v.**

**ORDER**

**Symmetry Health Data Systems, Inc.,**

**Defendant.**

---

Peter M. Lancaster, Esq. and Yoav M. Griver, Esq., on behalf of Plaintiff.

Patrick A. Reinken, Esq. and Douglas C. Erickson, Esq., on behalf of Defendant.

---

SUSAN RICHARD NELSON, United States Magistrate Judge

The above-entitled matter came before the undersigned United States Magistrate Judge on Plaintiff's Request for Leave to Make Motion to Reconsider Pursuant to Local Rule 7.1(g).

This Order addresses that Request.

## I. PLAINTIFF'S MOTION FOR LEAVE TO MAKE MOTION TO RECONSIDER

### A. Background.

On April 24, 2002, when addressing Defendant's Motion to Compel, the Court issued a ruling concerning the work Alan Gorman performed for Plaintiff. Specifically, the Court found that Gorman's work prosecuting the '164 Patent was not entitled to work-product protection. On May 7, 2002, Plaintiff submitted a two-page letter to the Court requesting that it reconsider that ruling.

JUN 17 2002
FILED
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

**B. Discussion.**

> Motions to reconsider are prohibited except by express permission of the Court, which will be granted only upon a showing of compelling circumstances. Requests to make such a motion, and responses to such requests, shall be made by letter to the Court of no more than two pages in length, a copy of which must be sent to opposing counsel.

D. Minn. LR 7.1(g). The court has previously explained the reasoning and demanding standard behind this rule:

> The Rule imposes procedural and substantive requirements. Procedurally, it requires that permission be obtained from the Court before presenting Motions to Reconsider. This reflects the expectation that such Motions are not to be made as a matter of course. The judicial process would be unduly expensive and time consuming if Courts were to be called upon to revisit each of their decisions. Instead, each party must fully support its arguments for and against a Motion the first time it is made, and Courts must then thoroughly review and rule upon the issues presented. . . .
>
> In order to obtain the "express permission of the Court" required by that Rule, a party is required to make "a showing of compelling circumstances" which would warrant a Motion to Reconsider. This showing is absent here. Plaintiff now submits extensive materials on the merits of the Motion seeking punitive damages, where before her submission was modest. The judicial process cannot tolerate a procedure by which a party is permitted to attempt a light effort once, and then follow with a more serious effort if the first effort fails. See *U.S. West Financial Services, Inc. v. Buhler, Inc.*, 150 F.3d 929, 935 (8th Cir.1998).
>
> Finally, most of the substantive material upon which Plaintiff relies on the merits of her Motion to Amend was available at the time of the hearing on her first Motion seeking punitive damages, although some of the documentation is also contained in transcripts of depositions obtained thereafter.

<u>Ferguson v. Michael Foods, Inc.</u>, 74 F. Supp.2d 862, 876 (D. Minn. 1999).

Plaintiff requests that the Court reconsider its ruling on work-product protection. It states

that "the rule in the District [is] that 'litigation need only be a reasonable contingency for the work-product doctrine to apply' to a lawyers' actions. United States v. Bonnell, 483 F. Supp. 1070, 1078 (D. Minn. 1979)."

Plaintiff also offers to submit the following sworn materials to "substantiate that Ingenix had the '164 Patent Application prosecuted in anticipation of litigation with Symmetry."

- In 1998, Plaintiff's CEO, Kevin Roche, hired an intellectual property litigator, Alan Carlson, for litigation with Defendant, including prosecution of the '164 Patent.

- Alan Carlson confirms Roche's statement. Carlson also states that he assigned Gorman to prosecute the '164 Patent. Carlson will explain that Gorman was not the original associate to assist him, but only began work after the litigation strategy was established.

- Since the April 24, 2002 Order, Plaintiff's former employee Mark Carlson testified in a deposition that by 1998, Plaintiff was concerned that it and Defendant would end up suing each other.

- Since the April 24, 2002 Order, Lloyd Sadler, the lawyer who prepared the October 16, 1997 Petition to Make Special on the Grounds of Infringement, testified in deposition that his work was done in anticipation of litigation.

In response, Defendant states that reconsideration is not warranted. Defendant states that the record before the Court prior to its April 24, 2002 Order was adequate. Defendant explains,

> Regardless of what other individuals at Ingenix may have believed about future relations with Symmetry, the original testimony of Alan Gorman, who was fully in charge of prosecuting the '164 patent, was unequivocal. (Mr. Gorman testified in his deposition that his work was not done "in anticipation of litigation" until Symmetry's patent issued (*i.e.*, November 19, 1998)). . . . Later statements and "corrections" made in an effort to re-characterize that testimony, after conferring with Ingenix's current litigation counsel were unpersuasive. They will be no more persuasive if Ingenix is allowed to fill the record with additional, cumulative, irrelevant and self-serving assertions in an effort to avoid discovery.

The Court declines to reconsider its previous decision. With respect to the applicable law, the Court is aware of the Bonnell case, and sees no reason it should alter the finding in the April 24, 2002 Order. When discussing the lawyer in question in Bonnell, the court noted that he was the head of Dorsey and Whitney's trial department, and was "present as a result of Cargill's reasonable belief that the company's tax problems would produce litigation." This reasoning is consistent with the Eighth Circuit's approach in Diversified Indus., Inc. v. Meredith, 572 F.2d 596 (8th Cir. 1977). In Diversified, the court stated,

> In 8 Wright & Miller, op. cit., pp. 198-99, it is said:
>
> . . . Prudent parties anticipate litigation, and begin preparation prior to the time suit is formally commenced. Thus the test should be whether, in light of the nature of the document and the factual situation in the particular case, the document can fairly be said to have been prepared or obtained because of the prospect of litigation. But the converse of this is that even though litigation is already in prospect, there is no work product immunity for documents prepared in the regular course of business rather than for purposes of the litigation.

Id. at 603.

As the Court explained in its April 24, 2002 Order, during Gorman's deposition, he stated that he did not begin performing work in anticipation of litigation until after the patent issued. Gorman is an experienced attorney, who should have understood the meaning of the questions that were put to him during his deposition. Therefore, the Court found his subsequent claim that he "mispoke," unconvincing. And as a result, the Court concluded the work in question was not protected work product.

The reasoning in Bonnell should not alter this conclusion. Gorman understood that his work prior to the issuance of the patent was not done in anticipation of litigation. Hence, his

work was not simply the result of a belief that the patent would produce litigation. Moreover, the rule in Diversified also suggests Gorman's prosecution of the '164 Patent is not entitled to work-product protection. The Court can not conclude that Gorman performed this work "because of the prospect of litigation," without knowing that he was doing so. Therefore, the Court does not believe that Plaintiff's further explanation of the law justifies reconsideration of the April 24, 2002 decision.

With respect to the additional facts Plaintiff proposes to offer, the Court does not find that they justify reconsideration. Plaintiff could have produced all of this additional evidence before it contested Defendant's original motion to compel. Each of the individuals Plaintiff mentions now is either a former or current employee, who was accessible before the original hearing. Plaintiff states that "briefing on the issue was expedited over a shortened period that included the Easter and Passover holidays." But if Plaintiff believed it had been unable to adequately prepare for the motion, it should have sought a continuance at that time. Plaintiff's presentation of these additional facts only after receiving the Court's April 24, 2002 Order appears instead to be a more serious effort to argue this issue after an unfavorable initial ruling. As the Court explained in Ferguson, reconsideration based on that rationale would be unduly expensive and time consuming. As a result, the Court declines to reconsider its earlier decision.

**THEREFORE, IT IS HEREBY ORDERED that:**

Plaintiff's Request for Leave to Make Motion to Reconsider Pursuant to Local Rule 7.1(g) is **DENIED**.

Dated: June 17, 2002.

Susan Richard Nelson
SUSAN RICHARD NELSON
United States Magistrate Judge