**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

**Ingenix, Inc.,** **Civil No. 01-704 (MJD/SRN)**

**Plaintiff,**

v.

**Symmetry Health Data Systems, Inc.,** **ORDER**

**Defendant.**

---

Yoav M. Griver, Esq. and Kevin McMahon, Esq., on behalf of Plaintiff.

Patrick A. Reinken, Esq. and Douglas C. Erickson, Esq., on behalf of Defendant.

---

SUSAN RICHARD NELSON, United States Magistrate Judge

The above-entitled matter came before the undersigned United States Magistrate Judge On June 21, 2002, on Defendant's Motion to Compel Discovery (Doc. No. 73) and Plaintiff's Motion to Quash Subpoena (Doc. No. 76).

This Order addresses those Motions.

## I. PLAINTIFF'S MOTION TO QUASH SUBPOENA

On June 17, 2002, the Court issued an Order denying Plaintiff's motion to reconsider an earlier Order addressing the scope of permissible deposition testimony from Plaintiff's patent counsel, Alan Gorman. During the June 21, 2002 hearing, Plaintiff stated that it objected to Defendant's then current subpoena, to the extent that it went beyond the subject matter discussed in the June 17, 2002 Order. In response, Defendant's counsel stated that it would work with Plaintiff's counsel to tailor the subpoena to require Gorman to answer only questions concerning

JUL 1 6 2002
FILED ____
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD ____
DEPUTY CLERK ____

the subject matter described in the June 17, 2002 Order. Consequently, the Court denies Plaintiff's motion to quash subpoena as moot.

## II. DEFENDANT'S MOTION TO COMPEL

Defendant's motion concerns Steven J. Wenzbauer, Rodney Fredette, and Vickie S. Sennett. Each of these individuals was listed as an inventor on Plaintiff's Patent Nos. 5,557,514 (the '514 Patent) and 6,223,164 (the '164 Patent). Plaintiff is now requesting permission from the United States Patent & Trademark Office to remove these three individuals as inventors of the '164 Patent. In its request, Plaintiff included declarations from each of the three, stating that they believed it was error for them to have been listed as inventors of the '164 Patent. When Defendant's counsel attempted to ask these inventors about the request for removal during their depositions, Plaintiff's counsel objected based on attorney-client privilege.

During the June 21, 2002 hearing, the parties reached agreement on a procedure by which Defendant would inquire into the underlying facts concerning inventorship, without requiring the inventors to disclose privileged communications. The parties agreed that Defendant would draft questions in interrogatory form to be served on each of the inventors, asking them for the facts on which Plaintiff concluded that although they were inventors of the '514 Patent, they did not qualify as inventors of the '164 Patent. Defendant's counsel was to have prepared these questions by the close of business on June 25, 2002. Plaintiff's counsel was then to review them. Once the questions were finalized Plaintiff was instructed to have the inventors respond to them within two weeks.

**THEREFORE, IT IS HEREBY ORDERED that:**

(1) Defendant's Motion to Compel Discovery (Doc. No. 73) is **DENIED AS MOOT**;

(2) Plaintiff's Motion to Quash Subpoena (Doc. No. 76) is **DENIED AS MOOT**.

Dated: July 16, 2002.

Susan Richard Nelson

SUSAN RICHARD NELSON
United States Magistrate Judge