C0 01-704 RHK/SRN

UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

**ORDER RE: SCHEDULE FOR SUBMISSION OF TRIAL MATERIALS FOR MARCH, 2003 TRIAL CALENDAR**

---

Attached is an updated list of cases deemed ready for trial before the undersigned beginning March 1, 2003. Cases may be called out of order.

The following materials are to be **EXCHANGED AND FILED** (all filings shall be in St. Paul) in accordance with the following schedule:

By February 20, 2003:

(1) All "documents to be submitted for trial" as required by Local Rule 39.1(b);

(2) Designation and copies of proposed deposition testimony;

(3) Motions in Limine with supporting briefs; and

(4) Trial Brief with a statement of the issues (substantive and evidentiary), facts expected to be proved, and controlling statutory and case law.

By February 27, 2003:

(1) Responsive briefs to Motions in Limine;

(2) Written Objections, and the grounds therefor, to opposing parties' exhibits and designated deposition testimony (copies of objected to exhibits and objected to deposition testimony shall be furnished simultaneously to the Court); and

(3) Replies to Trial Briefs.

By March 4, 2003: Responses to the Written Objections.

Dated: December 30, 2002

RICHARD H. KYLE
United States District Judge

DEC 3 1 2002
FILED
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

| | | |
|---|---|---|
| **1.** | **Deer River Development Inc. et al**<br>**vs CV 02-282 RHK/RLE**<br>**JURY**<br>**DULUTH** | **Mark Knutson**<br>**218-727-8451** |
| | **Cincinnati Insurance Companies** | **Douglas Archibald**<br>**612-573-3000** |
| **2.** | **EZ Dock Inc.** | **Daniel Maertens**<br>**Lora Mitchell**<br>**612-492-7000**<br>**Michael Kovac**<br>**McPherson Moore**<br>**314-872-8118** |
| | **vs CV 98-2364 RHK/AJB**<br>**JURY** | |
| | **Schafer Systems Inc.** | **Douglas Williams**<br>**J Derek Vandenburgh**<br>**612-332-5300**<br><br>**G Brian Pingel**<br>**Michael Dee**<br>**515-225-3737** |
| **3.** | **Ingenix Inc.**<br><br>**vs CV 01-704 RHK/SRN**<br>**JURY** | **Peter Lancaster**<br>**612-340-2600**<br>**Steven Glazer**<br>**Yoav M. Griver**<br>**Leslie Spencer**<br>**212-310-8000** |
| | **Symmetry Health Data Systems Inc.** | **Patrick Reinken**<br>**612-340-7951**<br>**Daniel Maynard**<br>**Douglas Erickson**<br>**602-279-8500** |

# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

700 Federal Building
316 North Robert Street
St. Paul, MN 55101
(651) 848-1100

202 U.S. Courthouse
300 South Fourth Street
Minneapolis, MN 55415
(612) 664-5000

417 U. S. Courthouse
515 West First Street
Duluth, MN 55802
(218) 529-3500

## NOTICE

The latest amendments to the federal rules of procedure, (Civil, Criminal, Appellate and Bankruptcy), went into effect on December 1, 2002. The new amendments and related committee notes can be found at www.uscourts.gov/rules/amendments0202.htm.

One change is particularly noteworthy. That is Rule 7.1 of the Federal Rules of Civil Procedure. This rule requires that corporations file a "disclosure statement" whenever they initially appear as a party in a federal court action. The Rule 7.1 Disclosure Statement must identify "any parent corporation and any publicly held corporation that owns 10% or more" of the stock of the corporate party filing the statement. The purpose of the disclosure statement is to help judges and magistrate judges identify potential conflicts of interest. (Similar disclosure statement requirements are prescribed by Rule 26.1 of the Federal Rules of Appellate Procedure and Rule 12.4 of the Federal Rules of Criminal Procedure.)

Beginning December 1, 2002, a Rule 7.1 Disclosure Statement must be filed by every corporation when it first appears in a federal action, even if the corporation merely reports that there is no parent corporation or publicly held corporation that owns 10% or more of its stock. These Disclosure Statements must also be filed retroactively, for every corporation which is a party to an action pending in this District as of December 1, 2002. The retroactive Rule 7.1 statements must be filed immediately.

It also should be noted that there have been extensive stylistic changes, (as well as a few substantive changes), to the Federal Rules of Criminal Procedure. Attorneys who appear in federal criminal cases should review the amended version of the Rules.